# Pike *v.* Tallassee Falls Manufacturing Co.

*Action for Injury to Licensee.*

(Decided May 24, 1909.　49 South. 857.)

1. *Master and Servant; Who are Servants; Allegation and Proof.* —Where the allegation of the complaint was that plaintiff's injury resulted from the negligence of the defendant's servants in manipulating the lever of a seed box, or. in its negligent operation of a gin, and the evidence showed that plaintiff and his brother were at the gin for the purpose of having a load of cotton ginned and that in taking the seed from the seed box, plaintiff was injured in the manipulation of a lever which was manipulated by plaintiff's brother at the time of the injury, and such brother was not in the service or employment of the defendant, there was such a variance between the allegation and the proof as to entitle the defendant to the affirmative charge.

2. *Appeal and Error; Harmless Error; Rulings.*—Where none of the rulings of the court limited or hindered plaintiff in his efforts to sustain the material allegations of his complaint, other rulings adverse to plaintiff were without injury to him.

APPEAL from Elmore Circuit Court.

Heard before Hon. B. K. McMORRIS, Special Judge.

Action by J. C. Pike against the Tallassee Falls Manufacturing Company, for injuries received while upon the premises by invitation. Judgment for defendant and plaintiff appeals. Affirmed.

JOHN V. SMITH, for appellant. The 8th count contained every material averment necessary and meets every objection raised by demurrer.—*G. P. Ry. Co. v. Da-*

*vis,* 92 Ala. 307; . *S. & N. R. R. Co. v. Thompson,* 62 Ala. 494; *L. & N. v. Jones,* 83 Ala. 373; *Western v. Sistrunk,* 85 Ala. 352; A. G. *S. v. Roach,* 110 Ala. 268; *P. C. Co. v. Jones,* 133 Ala. 217. If the defendant kept and owned a dangerous lever on their premises upon which the public were invited it would be clearly liable, for any negligence of its employes, resulting in injury to a person there by invitation.—131 Ala. 584; *M. & E. Ry. Co. v. Thompson,* 77 Ala. 456; *Loughram v. Brewer,* 113 Ala. 409; *Armstrong v. Montgomery St. Ry.,* 123 Ala. 222; *City Del. Co. v. Henry,* 139 Ala. 161. The amended complaint, did not set up a new cause of action and was not barred.—*Ala. C. C. & I. Co. v. Heald,* 45 South. 686; *L. & N. v. Wood,* 105 Ala. 561. The court erred in giving the affirmative charge.—*Ala. Mid. Ry. Co. v. Parker,* 112 Ala. 479; *Anniston L. & N. C. Co. v. Lewis,* 107 Ala. 535.

J. M. CHILTON, for appellee. There is no proposition of a liability growing out of the maintenance of a nuisance in this case. Counsel discuss all the assignments of error and conclude that under the pleading and proof the defendant was entitled to the affirmative charge, and that any errors that might have intervened were harmless, but cites no authority.

McCLELALN, J.—The plaintiff (appellant) and his brother carried a wagon load of seed cotton to the defendant's public gin for the purpose of having it ginned. As a part of the mechanism of the plant a seed box was provided into which the seed from the ginned cotton was blown. The seed box was so contrived as to permit the discharge of the accumulated seed into a wagon or other receptacle stationed below the outlet of the seed box. The bottom of the seed box was made of

"doors," which were so held as that they could be opened and the seed discharged by means of a lever. There were tendencies in the evidence to the effect that the operation of discharging the seed by means of the lever was one requiring skill or special instruction, in order that the increased pressure from the weight of the seed might not cause, if not anticipated, the escape of the lever from the hold of the operator, thereby endangering persons within the sweep of the lever, the handle of which was made of wood and was about five feet long and one, two, or three inches thick, or who might be endangered by the flying off of the lever handle. On this occasion, the plaintiff's brother, after notice, some of the testimony tended to show, that their seed was ready to be taken from the seed box, undertook to discharge the seed into the wagon, and in the operation his hold on the descending lever slipped or failed, and the lever handle struck plaintiff, standing eight or ten feet away, inflicting the injuries complained of.

Counts 1 and 2 were stricken on confessed demurrer. By amendment counts 3 to 8, inclusive, were added to the complaint. By further averment of counts 5 and 6, the allegations of the dangerous character of the lever, the exposure thereto of plaintiff in taking his seed from the seed box, and the failure to give plaintiff warning of the averred danger, thereby causing his injury, were stricken from these two counts. Count 8 was evidently intended to charge wantonness, but under familiar rulings here the count charged no more than simple negligence. So construed count 8 is legally identical with count 7. Count 8 was held subject to demurrer, while count 7 was held not subject to demurrer. We have, then, the plaintiff's case stated in counts 3 to 7, inclusive, and the last-numbered count, in legal effect, the same as count 8.

Count 3 ascribes the negligence, to plaintiff's injury, to the servants, etc., of the defendant "in handling or manipulating" the lever described above. There was no evidence that any servant or employe of the defendant was handling or manipulating the lever at the time of the injury. On the contrary, plaintiff's brother was the then operator of the lever, and he was not shown to have been a servant, agent, or employe of the defendant.

Count 4 charges the negligence to have been in that of the servants, etc., of the defendant "in and about the operation of said gin." As just stated in reference to count 3, there was no testimony in support of this charge of negligence.

Count 5 lays the injury to the servants, etc., of the defendant, acting within the scope of their employment, in that "the lever * * * was negligently loosened or caused to come loose by the defendant's agents, servants, or employes, or by direction or instruction of defendant's agents, servants, or employes." There is an entire want of proof to sustain this averment.

Count 6—a count in simple negligence, through the more aggravative, was attempted to be charged—is substantially the same as count 5, and was, hence, likewise unsustained in the proof.

Count 7 attributes the injury to the negligence of defendant's servants, etc., in this: That "said lever was negligently loosened or caused to come loose by the defendant's agents, servants, or employes," and the injury resulted. As said before, there was no proof of such negligence by any servant, etc., of the defendant. The allegation in this count, and in others, if they can be so construed, that plaintiff was ignorant of the averred dangerous character of the lever, and the further allegation that plaintiff was instructed or directed to get his seed from the seed box (and we may here in-

terpolate that the undisputed proof shows that plaintiff himself did not attempt the use of the lever at all), to accomplish which the use of the lever was necessary, of course, did not avoid the obligation on plaintiff to sustain in proof the quoted allegation of negligence therein ascribed to defendant's employes, etc. Material averments in each of the counts, viz., 3 to 7, inclusive, being unsupported in any degree by the proof on the trial, the court properly gave the affirmative charge for the defendant.

No ruling of the court limited or hindered the plaintiff in any effort of his to sustain the material averments of the complaint, as indicated; hence rulings adverse to plaintiff were without injury to him.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.